MATTER OF LEE

In Section 245 Proceedings

A-13553064

*Decided by District Director April 6, 1966*

An alien accorded second preference classification in 1959 under the then existing statute as the unmarried son of a United States citizen, who is still unmarried and whose U.S. citizen mother is still living, is clearly within the provisions of section 25(a) of the Act of September 26, 1961, which statute has not been repealed; therefore, he is classifiable as a "nonquota immigrant" and, being otherwise eligible, his application for adjustment of status pursuant to section 245 of the Immigration and Nationality Act, as amended, is granted.

The applicant's only entry into the United States occurred at Honolulu, Hawaii on December 13, 1963, at which time he was paroled indefinitely pursuant to the statutory authority contained in section 212(d)(5) of the Immigration and Nationality Act (8 U.S.C. 1182). That extraordinary authority was exercised because of the applicant's status as a "Hong Kong parolee", *i.e.*, a refugee from Communist China.

His application for adjustment of status was filed on January 26, 1966. The required investigation and medical examination have been completed and the applicant has been found to be admissible to the United States and qualified in every respect for the benefit he seeks. The sole question presented is that of the quota to which he should be charged.

For reasons set out more fully below, it has been concluded that he should not be charged to any quota, that he may properly be classified as a "nonquota immigrant", even though that term is no longer to be found in the Immigration and Nationality Act.

The subject was born in China on December 25, 1937. On July 23, 1959, his mother, LEE Lau Sam Moi, a citizen of the United States, filed a petition to classify him as a second preference immigrant under the then existing statute (8 U.S.C. 1153) as the unmarried

son of a citizen of the United States. This petition was approved on December 28, 1959.

The pertinent statutory provision reads:

Any alien eligible for a quota immigrant status under the provisions of section 203(a)(2) or (3) of the Immigration and Nationality Act on the basis of a petition filed with the Attorney General prior to July 1, 1961, shall be held to be a nonquota immigrant and, if otherwise admissible under the provisions of that Act, shall be issued a nonquota immigrant visa: Provided, That, upon his application for an immigrant visa, and for admission to the United States, the alien is found to have retained his relationship to the petitioner, and status, as established in the approved petition. (Sec. 25(a), Act of September 26, 1961, 75 Stat. 657)

The statutory interpretation to be given to the words "relationship" and "status" has been decided by the Attorney General. Retention of the parent-child relationship is affected by marriage but not by the age of the child (*Matter of Y—J—G—*, 9 I. & N. Dec. 471). The applicant is still unmarried and his U.S. citizen mother is still living. The statute quoted above has not been repealed.

The October 3, 1965 amendment to the Immigration and Nationality Act made no provision for aliens who had achieved nonquota status by special legislation enacted prior to October 3, 1965. However, since the Act of October 3, 1965 did not repeal, either expressly or by implication, the Act of September 26, 1961, it will be concluded that this applicant is still a nonquota immigrant.

Additional evidence to support this conclusion is to be found in Title 22 of the Code of Federal Regulations, Part 42.20, which authorizes the issuance of immigrant visas to immediate relatives or special immigrants after they establish their right to such classifications under the provisions of section 201(b) or 101(a)(27) *or other provision of law*. (Emphasis added.) Part 42.27 of that Title provides that an alien shall be classifiable as a nonquota immigrant if he establishes to the satisfaction of the consular officer that he qualifies under section 25(a) of the Act of September 26, 1961.

The facts recited above clearly bring this applicant within the provisions of section 25(a) of the Act of September 26, 1961. His application will be granted, without deduction of a number from the quota of China.

ORDER: It is ordered that the application of Herman Buck-Kin Lee for adjustment of status pursuant to section 245 of the Immigration and Nationality Act be and hereby is granted.